## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL JACKSON,** | ) | |
| **KALETHIEA JACKSON** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. 05 C 5317** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **OFFICER MARTINEZ, STAR NO. 19064,** | ) | **Judge Gottschall** |
| **OFFICER BIALOT, STAR NO. 5213,** | ) | |
| **OFFICER SALGADO, STAR NO. 17193,** | ) | |
| **UNKNOWN OFFICERS and the** | ) | **Magistrate Judge Valdez** |
| **CITY OF CHICAGO.** | ) | |
| | ) | |
| **Defendants.** | ) | |

### NOTICE OF FILING

To:  Blake Horowitz                              Stephen Baker
     Law Offices of Blake Horwitz               Assistant Corporation Counsel
     155 N. Michigan Ave.                        30 N. LaSalle St. #900
     Chicago, IL 60601                           Chicago, IL 60602

**PLEASE TAKE NOTICE** that I have this day filed with the Clerk of the United States District Court for the Norther District of Illinois, Eastern Division, **DEFENDANT OFFICERS' ANSWER TO PLAINTIFF'S COMPLAINT,** a copy of which is attached hereto and served upon you.

**Dated:** October 24, 2005.

Respectfully Submitted,

/s/ *Mary McDonald*
  Assistant Corporation

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL JACKSON,** | ) | |
| **KALETHIEA JACKSON** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. 05 C 5317** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **OFFICER MARTINEZ, STAR NO. 19064,** | ) | **Judge Gottschall** |
| **OFFICER BIALOT, STAR NO. 5213,** | ) | |
| **OFFICER SALGADO, STAR NO. 17193,** | ) | |
| **UNKNOWN OFFICERS and the** | ) | **Magistrate Judge Valdez** |
| **CITY OF CHICAGO.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS MARTINEZ, BIOLOTA AND SALGADO'S ANSWER
TO PLAINTIFFS' COMPLAINT, AFFIRMATIVE DEFENSES,
12(b)(6) DEFENSES AND JURY DEMAND**

Defendants Officers Michael Martinez, Ronald Bialota and Danny Salgado (collectively

"Defendant Police Officers"), by one of their attorneys, Mary McDonald, Assistant Corporation

Counsel for the City of Chicago, hereby submit their answer to plaintiffs' complaint, affirmative

defenses, 12(b)(6) defenses and jury demand as follows:

**JURISDICTION**

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42
U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United
States; and this Court's supplementary jurisdiction powers.

**ANSWER:**      Defendant Police Officers admit that this Court has jurisdiction over this

matter but deny that any of their actions gave rise to claims asserted herein.

## PARTIES

2.      Plaintiffs, MICHAEL JACKSON and KALETHIEA JACKSON, are residents of the State of Illinois and citizens of the United States.

**ANSWER:**      Defendant Police Officers are without knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.      The DEFENDANT OFFICERS were at all times relevant hereto officers of the CITY OF CHICAGO.

**ANSWER:**      Defendant Police Offices admit the allegations of paragraph 3.

4.      On or about March 24, 2004, the DEFENDANT OFFICERS beat Plaintiff MICHAEL JACKSON severely and falsely arrested him.  This conduct constituted an unreasonable seizure of Plaintiff MICHAEL JACKSON in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:**      Defendant Police Officers deny the allegations of paragraph 4.

5.      On or about March 24, 2004, the Plaintiff MICHAEL JACKSON did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

**ANSWER:**      Defendant Police Officers deny the allegations of paragraph 5.

6.      The use of force initiated by the DEFENDANT OFFICERS and the failure to intervene in the use of said force, caused an excessive amount of force to be inflicted onto the body of Plaintiff MICHAEL JACKSON. Said force was unreasonable and unnecessary.

**ANSWER:**      Defendant Police Officers deny the allegations of paragraph 6.

7.      Plaintiff MICHAEL JACKSON was arrested by the DEFENDANT OFFICERS notwithstanding the fact that Plaintiff MICHAEL JACKSON, on said day, had not committed an act contrary to the laws of the State of Illinois.  Further, the DEFENDANT OFFICERS failed to witness Plaintiff MICHAEL JACKSON commit an illegal act of any sort.  The officer did not have probable cause to arrest MICHAEL JACKSON

**ANSWER:**      Defendant Police Officers admit that Plaintiff Michael Jackson was

arrested by the Defendant Officers but deny that Plaintiff Michael Jackson had not committed an

act contrary to the laws of the State of Illinois, failed to witness Plaintiff Michael Jackson

commit an illegal act of any sort or did not have probable cause to arrest Michael Jackson.

8.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, Plaintiff MICHAEL JACKSON was caused to suffer serious and permanent personal injury, pain, suffering and mental anguish both now and in the future.

**ANSWER:**     Defendant Police Officers deny the allegations of this paragraph.

9.     Plaintiff KALETHIEA JACKSON was arrested by the DEFENDANT OFFICERS notwithstanding the fact that Plaintiff KALETHIEA JACKSON, on said day, had not committed an act contrary to the laws of the State of Illinois. Further, the DEFENDANT OFFICERS failed to witness Plaintiff KALETHIEA JACKSON commit an illegal act of any sort. KALETHIEA JACKSON was arrested without probable cause and/or a reasonable suspicion that criminal activity was underfoot.

**ANSWER:**     Defendant Police Officers admit that Plaintiff Kalethiea Jackson was

arrested by the Defendant Officers but deny that Plaintiff Kalethiea Jackson had not committed

an act contrary to the laws of the State of Illinois, failed to witness Plaintiff Kalethiea Jackson

commit and illegal act of any sort or did not have probable cause to arrest Kalethiea Jackson.

10.     On or about March 24, 2004, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and duly appointed and were sworn police officers for the CITY OF CHICAGO.  The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of their employment and while they were on duty. The DEFENDANT OFFICERS are sued in their individual capacity.

**ANSWER:**     The Defendant Police Officers admit that they were on duty at all times

relevant to this complaint and were duly appointed and sworn police officers for the City of

Chicago.  The Defendant Police Officers deny that they engaged in the conduct complained of

on said date.  The Defendant Officers admit that they are sued in their individual capacity.

11.     Also, the DEFENDANT OFFICERS conspired to injure the Plaintiff-MICHAEL JACKSON by:

    a)   agreeing not to report each other after witnessing him being injured;
    b)   collectively injuring and/or failing to intervene in the plaintiff being injured.
    c)   generating false documentation to cover-up for their own misconduct.

4

**ANSWER:**     The Defendant Police Officers deny that they conspired in any way to injure the Plaintiff Michael Jackson by agreeing not to report each other, collectively injuring or failing to intervene in plaintiff being injured and generating false documentation to cover up for their own misconduct.

12.     In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about the date of the Plaintiff's arrest, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused the Plaintiff to be charged with criminal allegations, incur financial loss, including attorney's fees and, *inter alia*, suffer emotional damage.

**ANSWER:**     The Defendant Police Officers deny the allegations of paragraph 12.

13.     It is the custom, practice and policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF CHICAGO to perform the following acts and/or omissions in connection with excessive force and/or arrests without probable cause:

a)  Police officers/individuals for the CITY OF CHICAGO generate false documentation to cover-up for the misconduct of fellow police officers.
b)  Police officers for the CITY OF CHICAGO engage in acts of excessive force with innocent civilians.
c)  Police officers for the CITY OF CHICAGO arrest innocent civilians without probable cause.
d)  Supervisory officers/individuals from the CITY OF CHICAGO fail to properly discipline officers from said police department that have committed an act of excessive force and/or false arrest upon another.
e)  Supervisory personnel/individuals from the CITY OF CHICAGO fail to properly investigate a complaint of excessive force and/or false arrest, perpetrated by a CITY OF CHICAGO police officer, upon another.

**ANSWER:**     The Defendant Police Officers deny the allegations of paragraph 13.

14.     Supervisory individuals from the CITY OF CHICAGO fail to take proper remedial action against a CITY OF CHICAGO police officer once it is determined that an act of excessive force and/or false arrest has been committed by said officer, upon another. This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF CHICAGO for a significant period of time, so much so, that police officers for the CITY OF CHICAGO recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF

5

CHICAGO in order to permit said conduct to re-occur.

**ANSWER:**     Defendant Police Officers state that this Count is directed toward them

but supervisory individuals from the City of Chicago and makes no response thereto.  To the

extent that these allegations are directed to the Defendant Police Officers they are denied.

15.     A code of silence exists between the officers of said police department so as to obstruct the legal process (preventing the free flow of honest information with regard to acts of misconduct).

**ANSWER:**     The Defendant Police Officers deny the allegations of paragraph 15.

16.     The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers referred to in this Complaint, as indicated in the Monell claim alleged herein.  At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**ANSWER:**     The Defendant Officers state that this count is directed toward the City of

Chicago and make no response thereto. To the extent that these allegations are directed toward

the Defendant Police Officers they admit that they were acting under the color of law at all times

relevant to this complaint.

## COUNT I
### §1983 Excessive Force

17.     Plaintiff MICHEAL JACKSON re-alleges paragraphs 1-16 as though fully set forth herein.

**ANSWER:**     The Defendant Officers restate their answers to paragraphs 1 through 16

as if fully set forth herein.

18.     The actions of the DEFENDANT OFFICERS amount to an excessive use of force onto Plaintiff MICHAEL JACKSON.  This conduct violated the Plaintiff MICHAEL JACKSON's Fourth Amendment right to be free from unreasonable seizure.

**ANSWER:**     The Defendant Police Officers deny the allegations of paragraph 18.

19.     The aforementioned actions of said officers were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:**     The Defendant Police Officers deny the allegations of paragraph 19.

## COUNT II
### §1983 False Arrest

20.     Plaintiff MICHAEL JACKSON re-alleges paragraphs 1-16 as though fully set forth herein.

**ANSWER:**     The Defendant Police Officers restate their answers to paragraphs 1

through 19 as if fully set forth herein.

21.     The actions of the DEFENDANT OFFICERS caused the arrest of the Plaintiff MICHAEL JACKSON without probable cause to believe that Plaintiff MICHAEL JACKSON had committed criminal activity.  The DEFENDANT OFFICERS' conduct was in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:**     The Defendant Police Officers deny the allegations of paragraph 21.

22.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER:**     The Defendant Police Officers deny the allegations of paragraph 22.

## COUNT III
### §1983 False Arrest

23.     Plaintiff KALETHIEA JACKSON re-alleges paragraph 1-16 as though fully set forth herein.

**ANSWER:**     The Defendant Police Officers restate their answers to paragraphs 1

through 22 as if fully set forth herein.

24.     The actions of the DEFENDANT OFFICERS caused the arrest of the Plaintiff KALETHIEA JACKSON without probable cause to believe that Plaintiff KALETHIEA JACKSON had committed criminal activity.  The DEFENDANT OFFICERS' conduct was in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:**     The Defendant Police Officers deny the allegations of paragraph 24.

7

25.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER:**     The Defendant Police Officers deny the allegations of paragraph 25.


### COUNT IV -Monell

26.     Plaintiff MICHAEL JACKSON re-alleges paragraphs 1-25 as though fully set forth herein.

**ANSWER:**     The Defendant Police Officers restate their answers to paragraphs 1

through 25 as if fully set forth herein.


### COUNT V-Monell

27.     Plaintiff KALETHEA JACKSON re-alleges paragraphs 1-16 as though fully set forth herein.

**ANSWER:**     The Defendant Police Officers restate their answers to paragraphs 1

through 26 as if fully set forth herein.


### COUNT VI
### 745ILCS 10/9-102 Claim Against the CITY OF CHICAGO

28.     Plaintiff MICHAEL JACKSON re-alleges paragraphs 1-16 as though fully set forth herein.

**ANSWER:**     The Defendant Police Officers restate their answers to paragraphs 1

through 27 as if fully set forth herein.

29.     Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

**ANSWER:**     The Defendant Officers state that this count is directed toward the City of

Chicago and make no response thereto. To the extent that these allegations are directed toward

the Defendant Police Officers they admit that the City of Chicago is their employer.

30.     The DEFENDANT OFFICERS, as alleged above, committed the acts under color

of law and in the scope of their employment as employees for the CITY OF CHICAGO.

**ANSWER:** The Defendant Officers state that this count is directed toward the City of Chicago and make no response thereto. To the extent that these allegations are directed toward the Defendant Police Officers they deny that they committed the acts complained of by Plaintiffs but admit that they were acting under color of law at all times relevant to this complaint.

### COUNT VII
### 745ILCS 10/9-102 Claim Against the CITY OF CHICAGO

31.     Plaintiff KALETHIA JACKSON re-alleges paragraphs 1-16 as though fully set forth herein.

**ANSWER:** The Defendant Police Officers restate their answers to paragraphs 1 through 30 as if fully set forth herein.

32.     Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

**ANSWER:** The Defendant Officers state that this count is directed toward the City of Chicago and make no response thereto. To the extent that these allegations are directed toward the Defendant Police Officers they admit that the City of Chicago is their employer.

33.     The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of their employment as employees for the CITY OF CHICAGO.

**ANSWER:** The Defendant Officers state that this count is directed toward the City of Chicago and make no response thereto. To the extent that these allegations are directed toward the Defendant Police Officers they deny that they committed the acts complained of by Plaintiffs but admit that they were acting under color of law at all times relevant to this complaint.

### COUNT VIII
### Supplementary Claim for *Respondeat Superior*

34.     Plaintiff MICHAEL JACKSON re-alleges paragraphs 1-16 as though fully set

9

forth herein.

**ANSWER:**     The Defendant Police Officers restate their answers to paragraphs 1

through 33 as if fully set forth herein.

35.     The aforesaid acts of the DEFENDANT OFFICERS was in the scope of their
employment and therefore the Defendant CITY OF CHICAGO as principal, is liable for the
actions of its agents under the doctrine of *respondeat superior*.

**ANSWER:**     The Defendant Officers state that this count is directed toward the City of

Chicago and make no response thereto. To the extent that these allegations are directed toward

the Defendant Police Officers they deny that they committed the acts complained of by Plaintiffs

but admit that they were acting within the scope of their employment at all times relevant to this

complaint.

### COUNT IX
### Supplementary Claim for *Respondeat Superior*

36.     Plaintiff KALETHIA JACKSON re-alleges paragraphs 1 - 16 as though fully set
forth herein.

**ANSWER:**     The Defendant Police Officers restate their answers to paragraphs 1

through 35 as if fully set forth herein.

37.     The aforesaid acts of the DEFENDANT OFFICERS was in the scope of their
employment and therefore the Defendant CITY OF CHICAGO as principal, is liable for the
actions of its agents under the doctrine of *respondeat superior*.

**ANSWER:**     The Defendant Officers state that this count is directed toward the City of

Chicago and make no response thereto. To the extent that these allegations are directed toward

the Defendant Police Officers they deny that they committed the acts complained of by Plaintiffs

but admit that they were acting within the scope of their employment at all times relevant to this

complaint.

## COUNT X
## Malicious Prosecution - State Claim

38.     Plaintiff MICHAEL JACKSON re-alleges paragraphs 1 - 8 and 10 - 16 as though fully set forth herein.

**ANSWER:**     The Defendant Police Officers restate their answers to paragraphs 1

through 8 and 10-16 as if fully set forth herein.

39.     THE DEFENDANT OFFICERS alleged that Plaintiff MICHAEL JACKSON had violated the laws of the State of Illinois.  These allegations commenced or continued a criminal proceeding against the Plaintiff MICHAEL JACKSON.

**ANSWER:** The Defendant Officers deny the allegations of paragraph 39.

40.     The DEFENDANT OFFICERS did so without probable cause.

**ANSWER:**     The Defendant Officers deny the allegations of this paragraph.

41.     The underlying criminal charges were ultimately resolved in Plaintiff MICHAEL JACKSON'S favor.

**ANSWER:**     Upon information and belief the Defendant Police Officers admit the

allegations of paragraph 41.

42.     The charges were lodged against the Plaintiff MICHAEL JACKSON with malice.

**ANSWER:**     The Defendant Police Officers deny the allegations of paragraph 42.

43.     The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

**ANSWER:**     The Defendant Police Officers deny the allegations of paragraph 43.

44.     WHEREFORE, Plaintiff MICHAEL JACKSON demands compensatory damages, jointly and severally, from the DEFENDANT OFFICERS, punitive damages, costs and whatever additional relief this Court deems equitable and just.

**ANSWER:**     The Defendant Police Officers deny that Plaintiffs are entitled to any type

of damages and/or relief and deny that their actions were the proximate cause of any injuries.

**COUNT XI**
**§ 1983 Conspiracy Claim**

45.      Plaintiff MICHAEL JACKSON re-alleges paragraphs 1 - 8 and 10 - 16 as though fully set forth herein.

**ANSWER:**      The Defendant Police Officers restate their answers to paragraphs 1

through 8 and 10-16 as if fully set forth herein.

46.      The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the laws set forth in the United States Constitution, *inter alia* the Fourth and Fourteenth Amendment.

**ANSWER:**      The Defendant Police Officers deny the allegations of paragraph 46.

**COUNT XII**
**Conspiracy Claim - State Law**

47.      Plaintiff MICHAEL JACKSON re-alleges paragraphs 1 - 8 and 10 - 16 as though fully set forth herein.

**ANSWER:**      The Defendant Police Officers restate their answers to paragraphs 1

through 8 and 10-16 as if fully set forth herein.

48.      The aforementioned actions were the direct and proximate cause of the violations of the laws set forth in the Constitution of the State of Illinois.

**ANSWER:**      The Defendant Police Officers deny the allegations of paragraph 48.

**COUNT XIII**
**§ 1983 Conspiracy Claim**

49.      Plaintiff KALETHIA JACKSON re-alleges paragraphs 1 - 16 as though fully set forth herein.

**ANSWER:**      The Defendant Police Officers restate their answers to paragraphs 1

through 8 and 10-16 as if fully set forth herein.

50.      The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the laws set forth in the United States Constitution, *inter alia* the Fourth and Fourteenth Amendment.

12

**ANSWER:**     The Defendant Police Officers deny the allegations of paragraph 50.

## COUNT XIV
## Conspiracy Claim - State Law

51.     Plaintiff KALETHIA JACKSON re-alleges paragraphs 1 - 16 as though fully set forth herein.

**ANSWER:**     The Defendant Police Officers restate their answers to paragraphs 1

through 8 and 10-16 as if fully set forth herein.

52.     The aforementioned actions were the direct and proximate cause of the violations of the laws set forth in the Constitution of the State of Illinois.

**ANSWER:**     The Defendant Police Officers deny the allegations of paragraph 52.

WHEREFORE, Defendant Police Officers pray for judgement in their favor and against

plaintiff, and for costs of suit, attorneys fees, and for such other relief as this Honorable Court

deems just and proper.

## JURY DEMAND

_____Defendant Police Officers Michael Martinez, Ronald Bialota and Danny Salgado pray for

judgment in their favor and against plaintiffs, and for costs of suit, attorneys fees, and such other

relief as this Honorable Court deems just and proper.

## RULE 12(b)(6) DEFENSES

1.     An award of punitive damages would deprive Defendants of due process of law in

violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

a)     liability for punitive damages has not been proven beyond a reasonable doubt, or
       at least by clear and convincing evidence;

b)     the award of punitive damages is disproportionate to actual damages;

13

2.      Plaintiffs have failed to state a Federal constitutional claim in Counts I-III, XI and XII of their Complaint.

## AFFIRMATIVE DEFENSES

1.       At all times material to the events alleged in Plaintiffs' complaint, a reasonably competent police officer, objectively viewing the facts and circumstances then confronting Defendants, could have believed that the actions taken by them were objectively reasonable and were within constitutional limits that were clearly established at the time.  Defendants, therefore, are entitled to qualified immunity as a matter of law.

2.      Under the Illinois Tort Immunity Act, Defendants are not liable for any of the state law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct.  745 ILCS 10/2-202.

3.      Under the Tort Immunity Act, Defendants are not liable for any of Plaintiffs' alleged state law claims because a public employee,  acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person.  745 ILCS 10/2-204.

4.      Where Defendants may be liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, wilful and wanton and intentional conduct of Plaintiff which were the proximate cause of his injuries.

Respectfully submitted,


*/s/ Mary McDonald*
MARY McDONALD
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-8307

## CERTIFICATE OF SERVICE

I hereby certify that I have caused true and correct copies of the above and foregoing **NOTICE OF FILING** and, **THE INDIVIDUAL DEFENDANTS ANSWER TO PLAINTIFFS' COMPLAINT** to be electronically mailed to person listed in the forgoing notice, on this 24th day of October, 2005.


/s/ *Mary McDonald*
MARY McDONALD